# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>Plaintiff,<br><br>v.<br><br>BLACK LIVES MATTER, et al.,<br><br>Defendants. | Case No. 1:20-cv-01165-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Doc. 3)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Brandon Alexander Favor, is a state prisoner proceeding *pro se* in this civil action under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983, which he filed on August 19, 2020. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("Section 1915") on September 10, 2020. (Doc. 3.) Plaintiff's application should be **DENIED** for two reasons: (1) his application demonstrates he is not entitled to in forma pauperis status under Section 1915(a); and (2) since he has three strikes under Section 1915(g), his allegations fail to show imminent danger of serious physical injury.

## II. PLAINTIFF IS NOT ENTITLED TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(a)

### A. Legal Standard

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a).

1

The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citing *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). *See also Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850 (citing *Brewster v. N. Am. Van Lines, Inc*., 461 F.2d 649, 651 (7th Cir. 1972)). "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (citing *Temple*, 586 F. Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam)). Many courts have held that petitioners with modest cash reserves are not entitled to in forma pauperis status within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like. *Temple*, 586 F. Supp. at 850–51.

**B.     Discussion**

According to his application, Plaintiff has received unspecified income over the past twelve months, including $500,000 in interest income. (Doc. 3 at 1.) Plaintiff also has $27,284,279.87 in cash. (*Id*. at 2.) Based on these representations, the Court finds that Plaintiff has not made the showing required by Section 1915(a) that he is unable to pay the required fees for this action. Accordingly, the undersigned recommends that Plaintiff's application to proceed without prepayment of fees and costs be denied.

### III. PLAINTIFF IS SUBJECT TO THE THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g) AND DOES NOT MEET THE IMMINENT DANGER EXCEPTION

Even if Plaintiff's application established poverty, however, he is not entitled to proceed without prepayments of fees because he has at least three strikes under Section 1915(g) and does not qualify for the imminent danger exception.

#### A. Legal Standard

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

#### B. Discussion

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of four of Plaintiff's many prior actions: (1) *Favor-El v. Rome*, Case No. 1:15-cv-01865-LJO-EPG (E.D. Cal.) (dismissed on November 22, 2016 for failure to state a claim); (2) *Favor v. State of California*, Case No. 2:16-cv-02870-JGB-JEM (C.D. Cal.) (dismissed on May 2, 2016 as frivolous, malicious, and for failure to state a claim); (3) *Favor-El v. Rihanna, et al.,* 2:15-cv-09502-JGB-JEM (C.D. Cal.) (dismissed on December 16, 2015 as frivolous, malicious, and for failure to state a claim); and (4) *Favor-El v. United States of America*, Case No. 2:15-cv-01448-GEB-AC (E.D. Cal.) (dismissed on October 22, 2015 as frivolous). As he has been previously informed[1], Plaintiff is thus subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action, unless he has shown that at the time he filed this action, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Although

---

[1] *See, e.g., Favor v. Monae*, Case No. 1:19-cv-00081-LJO-SKO (E.D. Cal.). It is also noteworthy that Plaintiff has been deemed a vexatious litigant, has filed over fifty actions in this district alone, and has filed numerous other actions in the other district courts in this state. Plaintiff has also filed actions under the surnames "Favor" and "Favor-El."

Plaintiff's allegations are largely incoherent, he appears to be alleging that Black Lives Matter, an "orchestrated monument," Michelle Obama, Reba Ann Stevens, and the record label Amaru Records Incorporated violated the Eighth Amendment and right to due process in some manner and caused him harm -- although the type of harm Plaintiff is alleging is indiscernible. (Doc. 1.) None of Plaintiff's allegations show he was under an imminent danger at the time he filed this action. Based on the foregoing, the Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass Section 1915(g)'s restriction on filing suit without prepayment of the filing fee since he previously received three strikes. Plaintiff may not proceed *in forma pauperis* and must pay the $400.00 filing fee if he wishes to litigate this action.

IV.   **CONCLUSION and RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (Doc. 3) be DENIED pursuant to 28 U.S.C. §§ 1915(a) and (g); and

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 14, 2020**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE