UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>Plaintiff,<br><br>v.<br><br>BLACK LIVES MATTER, et al.,<br><br>Defendants. | No.  1:20-cv-01165-DAD-SKO<br><br>ORDER DENYING REQUEST FOR EXTENSION OF TIME, ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 3, 4, 8) |

Plaintiff Brandon Alexander Favor is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 15, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied on the grounds that his application did not establish indigency under 28 U.S.C. § 1915(a) and, alternatively, that he is subject to the three strikes bar under § 1915(g).  (Doc. No. 4.)  Specifically, as to the latter ground, the magistrate judge identified four actions brought by plaintiff in the past that had been dismissed as a whole for failing to state a claim:  (1) *Favor-El v. Rome*, Case No. 1:15-cv-01865-LJO-EPG (E.D. Cal.); (2) *Favor v. State of California*, Case No.

1

2:16-cv-02870-JGB-JEM (C.D. Cal.); (3) *Favor-El v. Rihanna, et al.,* 2:15-cv-09502-JGB-JEM (C.D. Cal.); and (4) *Favor-El v. United States of America*, Case No. 2:15-cv-01448-GEB-AC (E.D. Cal.). (*Id*.) Based upon those prior dismissals, the magistrate judge found that plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g) and that the allegations of his complaint do not satisfy the "imminent danger of serious physical injury" exception to that bar. (*Id.*) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 4.) No objections have been filed and the time in which to do so has now passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1.  The findings and recommendations issued on September 15, 2020 (Doc. No. 4) are adopted in full;

2.  In accordance with 28 U.S.C. §§ 1915(a) and (g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 3) is denied;

/////

---

[1] Rather than filing objections during the time allotted, plaintiff filed a document titled "State Relief" (Doc. No. 5) and another copy of his complaint attaching documents he has filed in other court cases (Doc. No. 6.) Although difficult to discern, neither document articulates "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). After the expiration of the objections period, plaintiff then filed a request for an extension of seventy-two (72) days to file objections to the magistrate judge's findings and recommendations. (Doc. No. 8.) The basis for the requested extension of time is not discernable from plaintiff's request, but, based on the attachments thereto, it appears to be plaintiff's asserted need for access to the prison library, which had been denied to him by prison officials because the objections period had already expired. (*See id*. at 3–4.) Plaintiff's request does not show that his failure to seek an extension prior to the expiration of the objections period was due to "excusable neglect," as is required under Rule 6(b) of the Federal Rules of Civil Procedure. The request also does not demonstrate why legal research is necessary, given that the magistrate judge's findings and recommendations set forth the clear legal standards by which plaintiff's *in forma pauperis* application must be evaluated. Accordingly, plaintiff's untimely request for an extension of time to file objections (Doc. No. 8) is denied.

3. Within fourteen (14) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;

4. Failure to pay the required filing fee in full within the specified time will result in the dismissal of this case; and

5. The matter is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **November 20, 2020**

UNITED STATES DISTRICT JUDGE